FILED

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SARUP LAL, | Nos. 07-73135 |
| Petitioner, | 07-74562 |
| | Agency No. A079-290-266 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:      SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

In these consolidated petitions for review, Sarup Lal, a native and citizen of

India, petitions for review of the Board of Immigration Appeals' ("BIA") orders

denying his motion to reopen based on ineffective assistance of counsel and his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JTK/Research

motion to reconsider that denial.  We have jurisdiction pursuant to 8 U.S.C.

§ 1252.  We review for substantial evidence findings of fact regarding counsel's

performance, *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004), and review for

abuse of discretion the denial of a motion to reopen or reconsider, *Cano-Merida v.

INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny the petitions for review.

Substantial evidence supports the BIA's determination that Lal did not

establish ineffective assistance by his former counsel because the record does not

compel the conclusion that Lal paid his former counsel to file a petition for review.

*See Lin*, 377 F.3d at 1023 (petitioner must establish that counsel's performance

prevented him from reasonably presenting his case).  Because Lal did not establish

ineffective assistance of counsel, the BIA did not abuse its discretion by denying

the motion to reopen.  *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)

(BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational,

or contrary to law").

The BIA also did not abuse its discretion in denying Lal's motion to

reconsider because the motion failed to identify any error of fact or law in the

BIA's order denying the motion to reopen.  *See* 8 C.F.R. § 1003.2(b).

**PETITIONS FOR REVIEW DENIED.**

2